**RODNEY S. DIGGS, Esq. (SBN 274459)**
Rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
*A Professional Law Corporation*
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:  (213) 489-0552

Attorneys for Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CAVICANTE, individually and as Successor in Interest to RANDY MILLER, deceased, and JEREMY CAVICANTE, individually and as Successor in Interest to RANDY MILLER, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipal entity; OFFICER DANIEL NUNEZ, an individual; OFFICER ANTONIO VALASCO, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 2:21-cv-6676 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** <br><br> **2. Violations of Civil Rights (42 U.S.C. § 1983) (Substantive Due Process)** <br><br> **3. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)** <br><br> **4. Wrongful Death (Based on Battery)** <br><br> **5. Wrongful Death (Based on Negligence)** <br><br> **6. Violation of Cal. Civil Code § 52.1** <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this action is brought to redress deprivations of constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Defendants are believed to reside in this judicial district and all incidents, events, and occurrences giving rise to this action occurred in this judicial district.

## PARTIES

3.      Plaintiff NICOLE CAVICANTE (hereinafter sometimes referred to as "Plaintiff") is an individual residing in the County of McClain and State of Oklahoma. Plaintiff is the surviving biological daughter of decedent RANDY MILLER.

4.      Plaintiff NICOLE CAVICANTE is a Successor in Interest to decedent RANDY MILLER and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached hereto is a declaration designating Plaintiff NICOLE CAVICANTE as a Successor in Interest to decedent RANDY MILLER, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent RANDY MILLER, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5.      Plaintiff JEREMY CAVICANTE (hereinafter sometimes referred to as "Plaintiff") is an individual residing in the County of Los Angeles and State of California. Plaintiff is the surviving biological son of decedent RANDY MILLER.

6.      Plaintiff JEREMY CAVICANTE is a Successor in Interest to decedent RANDY MILLER and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached hereto

is a declaration designating Plaintiff JEREMY CAVICANTE as a Successor in Interest to decedent RANDY MILLER, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent RANDY MILLER, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

7.      Defendant CITY OF LOS ANGELES (hereinafter "Defendant CITY" is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

8.      Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE ("hereinafter "Plaintiffs"), are informed, believe, and thereon allege that Defendant OFFICER DANIEL NUNEZ (hereinafter "OFFICER NUNEZ") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER NUNEZ was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under the color of law and in the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

9.      Plaintiffs are informed, believe, and thereon allege that Defendant OFFICER ANTONIO VALASCO (hereinafter "OFFICER VALASCO") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER VALASCO was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under the color of law and in the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

10.      Plaintiffs are informed, believe, and thereon allege that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein

were, individuals residing in the County of LOS ANGELES and State of California. At all times relevant to the acts and omissions alleged herein, the heretofore unknown Defendant DOE Officers were police officers employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

11.     On or about May 5, 2021, a timely Claim for Damages was submitted to Defendant CITY, in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim for Damages has been deemed rejected by operation of law.

12.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

13.     Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

14.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or

co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.    This action arises out of a fatal officer-involved shooting incident that occurred during the late evening hours of Wednesday, January 27, 2021, on or around the area of 40th Place and Vermont Avenue in the City and County of LOS ANGELES and State of California. At approximately 10:30 p.m. January 27, 2021, Plaintiffs' decedent, RANDY MILLER, was on or around the premises 40TH Place and Vermont Avenue when Defendants OFFICER NUNEZ and OFFICER VALASCO (hereinafter "Defendant OFFICERS"), while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and violently confronted RANDY MILLER without having probable cause or reasonable suspicion to believe that RANDY MILLER had committed a crime, or would commit a crime in the future.

16.    Without warning, Defendants OFFICER NUNEZ and OFFICER VALASCO (hereinafter "Defendant OFFICERS") proceeded to assault and batter Mr. Miller by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at Mr. Miller, inflicting multiple gunshot wounds to Mr. Miller's person, which proved to be fatal. At no time during the course of these events did Mr. Miller pose any reasonable or credible threat of death or serious bodily harm to Defendant OFFICERS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Following the shooting, the Defendant OFFICERS denied medical care to RANDY MILLER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, RANDY

MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

17.     At no time during the course of these events did RANDY MILLER pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, RANDY MILLER posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, RANDY MILLER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed RANDY MILLER, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that RANDY MILLER posed an immediate threat of death or serious bodily injury to any person.

## FIRST CAUSE OF ACTION

**(By Plaintiff NICOLE CAVICANTE, as Successor in Interest to RANDY MILLER, Deceased, and Plaintiff JEREMY CAVICANTE, as Successor in Interest to Randy Miller, deceased, Against Defendants OFFICER NUNEZ and OFFICER VALASCO for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

18.     Plaintiffs incorporate herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

19.     This cause of action is brought on behalf of decedent RANDY MILLER, by and through Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE in their capacity as Successors in Interest to RANDY MILLER,

who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to RANDY MILLER by the Fourth Amendment to the United States Constitution, including, but not limited to, RANDY MILLER'S right to be free from unreasonable governmental seizures of his person.

20.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the Defendant OFFICERS. Defendant CITY provided its individual employees and agents, including the Defendant OFFICERS, with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the Los Angeles Police Department.

21.     Plaintiffs are informed, believe, and thereon allege that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

22.     At approximately 10:30 p.m. on January 27, 2021, RANDY MILLER was on or around the premises 40th Place and Vermont Avenue in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violently confronted RANDY MILLER without having probable cause or reasonable suspicion to believe that RANDY MILLER had committed a crime, or would commit a crime in the future.

23.     The Defendant OFFICERS approached RANDY MILLER as he was inside a vehicle with their department-issued firearm pointed directly at RANDY MILLER'S person. Without warning, the Defendant OFFCIERS proceeded to assault and batter RANDY MILLER by acts which included, but were not limited

to, repeatedly and unjustifiably assaulting RANDY MILLER with their department-issued firearm, repeatedly and unjustifiably discharging their department-issued firearm at the person of RANDY MILLER, and inflicting multiple gunshot wounds to the person of RANDY MILLER, which proved to be fatal. Following the shooting, the Defendant OFFICERS denied medical care to RANDY MILLER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

24.    At no time during the course of these events did RANDY MILLER pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFCIERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, RANDY MILLER posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, RANDY MILLER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed RANDY MILLER, the Defendant OFFCIERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that RANDY MILLER posed an immediate threat of death or serious bodily injury to any person.

25.    At all times mentioned herein, the Defendant OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY. The Defendant OFFICERS deprived RANDY MILLER of the rights,

privileges, and/or immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

26.   RANDY MILLER had the right to be free from unreasonable governmental seizures of his person, a right which was secured to RANDY MILLER by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant OFFFICERS, which proximately caused the death of RANDY MILLER.

27.   Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of RANDY MILLER, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive RANDY MILLER of his constitutionally protected rights and privileges, and did in fact violate RANDY MILLER'S constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

28.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, RANDY MILLER was shot and killed on January 27, 2021, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

29.   As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, RANDY MILLER

was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

30.    Plaintiffs are entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**(By Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE Against Defendants OFFICER NUNEZ and OFFICER VALASCO for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Substantive Due Process)**

31.    Plaintiffs incorporate herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

32.    This cause of action is brought by Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE in their individual capacity, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiffs by the Fourteenth Amendment to the United States Constitution, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with their father, RANDY MILLER, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of their father, RANDY MILLER, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

33.    Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the Defendant OFFICERS. Defendant CITY provided its individual employees and agents, including the Defendant OFFICERS, with official badges and identification cards that designated and described the bearers

as employees of Defendant CITY and the Los Angeles Police Department.

34.     Plaintiffs are informed, believe, and thereon allege that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

35.     At approximately 10:30 p.m. on January 27, 2021, RANDY MILLER was on or around the premises 40th Place and Vermont Avenue in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violently confronted RANDY MILLER without having probable cause or reasonable suspicion to believe that RANDY MILLER had committed a crime, or would commit a crime in the future.

36.     The Defendant OFFICERS approached RANDY MILLER as he was inside a vehicle with their department-issued firearm pointed directly at RANDY MILLER'S person. Without warning, the Defendant DOE Officer proceeded to assault and batter RANDY MILLER by acts which included, but were not limited to, repeatedly and unjustifiably assaulting RANDY MILLER with their department-issued firearm, repeatedly and unjustifiably discharging their department-issued firearm at the person of RANDY MILLER, and inflicting multiple gunshot wounds to the person of RANDY MILLER, which proved to be fatal. Following the shooting, the Defendant OFFICERS denied medical care to RANDY MILLER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

37.     At no time during the course of these events did RANDY MILLER pose any reasonable or credible threat of death or serious bodily injury to the

Defendant OFFICER who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, RANDY MILLER posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, RANDY MILLER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed RANDY MILLER, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that RANDY MILLER posed an immediate threat of death or serious bodily injury to any person.

38.     Plaintiffs are informed, believe, and thereon allege that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of RANDY MILLER, and with a conscious disregard for the risks posed to the safety of RANDY MILLER when they shot RANDY MILLER. Plaintiffs are further informed and believe, and thereon allege, that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS acted with a purpose to harm unrelated to any legitimate law enforcement objective when they shot RANDY MILLER. At all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS' actions in shooting RANDY MILLER would be considered to "shock the conscience."

39.     At all times mentioned herein, the Defendant OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY. The Defendant OFFICERS deprived Plaintiffs of the rights, privileges,

and/or immunities secured to them by the Fourteenth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with their father, RANDY MILLER, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of their father, RANDY MILLER and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

40.    Plaintiffs had a right to substantive due process and privacy, as well as a right to associate with their father, RANDY MILLER, a right to enjoy the care, companionship, familial relationship, and society of their father, RANDY MILLER, and a right to be free from arbitrary and unreasonable governmental intrusions into their family, all of which were secured to Plaintiffs by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant OFFICERS, which proximately caused the death of RANDY MILLER

41.    By causing the death of RANDY MILLER, the actions of the Defendant OFFICERS violated Plaintiffs' Fourteenth Amendment right to substantive due process and privacy, as well as Plaintiffs' Fourteenth Amendment right to associate with their father, RANDY MILLER, Plaintiffs' Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of their father, RANDY MILLER, and Plaintiff's Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

42.    Plaintiffs are informed, believe, and thereon allege that in shooting and killing RANDY MILLER, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to

deprive Plaintiffs and Plaintiffs' decedent of their constitutionally protected rights and privileges, and did in fact violate Plaintiffs and Plaintiffs' decedent's constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICER in an amount to be proven at trial.

43.     As a direct and proximate result of the wrongful acts and omissions of the Defendant OFFICERS, RANDY MILLER was shot and killed on January 27, 2021, and Plaintiffs were thereby deprived of his constitutional right to a familial relationship with RANDY MILLER.

44.     As a further direct and proximate result of the wrongful acts and omissions of the Defendant OFFICERS, and the ensuing death of RANDY MILLER, Plaintiffs have suffered extreme and severe emotional distress, mental anguish, and pain, and have sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of RANDY MILLER in an amount according to proof at trial.

45.     As a further direct and proximate result of the wrongful acts and omissions of the Defendant OFFICERS, and the ensuing death of RANDY MILLER, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

46.     Plaintiffs are entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**(By Plaintiffs NICOLE CAVICANTE, as Successor in Interest to RANDY MILLER, Deceased, and JEREMY CAVICANTE, as Successor in Interest Against Defendant CITY OF LOS ANGELES for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unconstitutional Policy, Practice, or Custom)**

47.    Plaintiffs incorporate herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

48.    This cause of action is brought on behalf of decedent RANDY MILLER, by and through Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE in their capacity as Successors in Interest to RANDY MILLER, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to RANDY MILLER by the Fourth Amendment to the United States Constitution, including, but not limited to, RANDY MILLER'S right to be free from unreasonable governmental seizures of his person.

49.    Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the Defendant OFFICERS. Defendant CITY provided its individual employees and agents, including the Defendant OFFICERS, with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the Los Angeles Police Department.

50.    Plaintiffs are informed, believe, and thereon allege that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

51.     As set forth in the foregoing paragraphs of this Complaint, the Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violated the Fourth Amendment rights of RANDY MILLER by acts which included, but were not limited to, using excessive and unreasonable force against RANDY MILLER As described in this Complaint, the shooting of RANDY MILLER was an unconstitutional display of an unreasonable seizure, and of the use of excessive force, which violated RANDY MILLER'S Fourth Amendment right to be free from unreasonable governmental seizures of his person.

52.     Plaintiffs are informed, believe, and thereon allege that the Defendant OFFICERS' shooting of RANDY MILLER, a man who posed no immediate threat of death or serious bodily to the Defendant OFFICERS, nor to any other person, demonstrated that the training policies of Defendant CITY were not adequate to train Los Angeles Police Department officers to handle the usual and recurring situations with which they must deal, as evidenced by the following specific acts and omissions of the Defendant OFFICERS in their response to the incident that occurred on January 27, 2021:

a.     The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to detain and/or arrest suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

b.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential detainees and/or arrestees prior to using deadly force. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

c.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

d.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

e.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination,

and available communication to accurately assess the level of the threat posed by a suspect and/or potential detainee and/or arrestee prior to using deadly force. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

f.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to attempt to control an incident by using time, distance, communication, and available resources in an effort to de-escalate the situation, reduce the intensity of the encounter, and enable the officers to have additional options to mitigate the need to use force. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

g.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force so as to avoid exposing persons and property to unnecessary fire. Prior to and during the time in which the Defendant OFFICERS shot RANDY MILLER, they acted in flagrant contravention of this well established standard of care.

53.    Plaintiffs are informed, believe, and thereon allege that prior to January 27, 2021, the Defendant OFFICERS received training and instruction in police tactics and procedures from Defendant CITY and the Los Angeles Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at department briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their station(s) prior to their assigned shift(s), their receipt of departmental policy and

training manuals, their receipt of departmental training bulletins, and their receipt of departmental correspondence, including electronic mail.

54.     Plaintiffs are informed, believe, and thereon allege that on and before January 27, 2021, encounters with persons like RANDY MILLER were common among Los Angeles Police Department officers similarly situated to the Defendant OFFICERS, and such encounters were a recurring situation faced by Los Angeles Police Department officers similarly situated to the Defendant OFFICERS.

55.     Plaintiffs are informed, believe, and thereon allege that the persons responsible for training the Defendant OFFICERS, including, but not limited to, their field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher-ranking officers, and authorized policymakers and decision makers within the Los Angeles Police Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to the Defendant OFFICERS and officers similarly situated to the Defendant OFFICERS would be that persons who do not pose an immediate threat of death or serious bodily injury to the officers or others, such as RANDY MILLER, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

56.     Plaintiffs are informed, believe, and thereon allege that notwithstanding the fact that the training personnel responsible for training the Defendant OFFICERS knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to the Defendant OFFICERS and officers similarly situated to the Defendant OFFICERS would be that persons who do not pose an immediate threat of death

or serious bodily to the officers or others, such as RANDY MILLER, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above-enumerated areas.

57.     Plaintiffs are informed, believe, and thereon allege that Defendant CITY was deliberately indifferent to the obvious consequences of its failure to adequately train Los Angeles Police Department officers, including the Defendant OFFICERS.

58.     Plaintiffs are informed, believe, and thereon allege that the failure of Defendant CITY and the Los Angeles Police Department training personnel responsible for training Los Angeles Police Department officers, including the Defendant OFFICERS, to provide adequate training to Los Angeles Police Department officers, including the Defendant OFFICERS, caused RANDY MILLER to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force, and is so closely related to the deprivation of RANDY MILLER'S Fourth Amendment rights as to be the moving force that caused the ultimate injury.

59.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, RANDY MILLER was shot and killed on January 27, 2021, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

60.     As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, RANDY MILLER was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an

amount according to proof at trial.

61.     Plaintiffs are entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

**(By Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43])**

**(Based on Battery)**

62.     Plaintiffs incorporate herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

63.     All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

64.     At approximately 10:30 p.m. on January 27, 2021, RANDY MILLER was on or around the premises 40th Place and Vermont Avenue in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violently confronted RANDY MILLER without having probable cause or reasonable suspicion to believe that RANDY MILLER had committed a crime, or would commit a crime in the future.

65.     The Defendant OFFICERS approached RANDY MILLER as he was inside a vehicle with their department-issued firearm pointed directly at RANDY MILLER'S person. Without warning, the Defendant DOE Officer proceeded to assault and batter RANDY MILLER by acts which included, but were not limited to, repeatedly and unjustifiably assaulting RANDY MILLER with their department-issued firearm, repeatedly and unjustifiably discharging their department-issued firearm at the person of RANDY MILLER, and inflicting multiple gunshot wounds to the person of RANDY MILLER, which proved to be

fatal. Following the shooting, the Defendant OFFICERS denied medical care to RANDY MILLER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

66.     As a direct and proximate result of the above-mentioned conduct of the Defendant OFFICERS, RANDY MILLER was shot on January 27, 2021. After surviving for an appreciable period of time following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

67.     At no time during the course of these events did RANDY MILLER pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, RANDY MILLER posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, RANDY MILLER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed RANDY MILLER, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that RANDY MILLER posed an immediate threat of death or serious bodily injury to any person.

68.     Plaintiffs are informed, believe, and thereon allege that in shooting RANDY MILLER, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without

authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive RANDY MILLER of his protected rights and privileges, and did in fact violate RANDY MILLER'S protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

69.     As a direct and proximate result of the above-described conduct of the Defendant OFFICERS, and the ensuing death of RANDY MILLER, RANDY MILLER'S heir, Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE, have sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of RANDY MILLER in an amount according to proof at trial.

70.     As a further direct and proximate result of the above-described conduct of the Defendant OFFICERS, and the ensuing death of RANDY MILLER, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

**(By Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)])**

**(Based on Negligence)**

71.     Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

72.     All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

73.     At approximately 10:30 p.m. on January 27, 2021, RANDY MILLER was on or around the premises 40th Place and Vermont Avenue in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violently confronted RANDY MILLER without having probable cause or reasonable suspicion to believe that RANDY MILLER had committed a crime, or would commit a crime in the future.

74.     The Defendant OFFICERS approached RANDY MILLER as he was inside a vehicle with their department-issued firearm pointed directly at RANDY MILLER'S person. Without warning, the Defendant DOE Officer proceeded to assault and batter RANDY MILLER by acts which included, but were not limited to, repeatedly and unjustifiably assaulting RANDY MILLER with their department-issued firearm, repeatedly and unjustifiably discharging their department-issued firearm at the person of RANDY MILLER, and inflicting multiple gunshot wounds to the person of RANDY MILLER, which proved to be fatal. Following the shooting, the Defendant OFFICERS denied medical care to RANDY MILLER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

75.     At no time during the course of these events did RANDY MILLER pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, RANDY MILLER posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, RANDY MILLER made no aggressive movements, furtive gestures, or physical

movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed RANDY MILLER, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that RANDY MILLER posed an immediate threat of death or serious bodily injury to any person.

76.     Plaintiffs are informed, believe, and thereon allege that on and before January 27, 2021, the Defendant OFFICERS had a duty to exercise the reasonable and ordinary care that would be expected of similarly situated law enforcement officers in the use of deadly force, and a duty to exercise the reasonable and ordinary care that would be expected of similarly situated law enforcement officers in the execution of police tactics and police procedures in approaching and/or attempting to detain and/or arrest persons who do not pose an immediate threat of death or serious bodily injury to the officers or others. Notwithstanding each of these duties, the Defendant OFFICERS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by acts and omissions which include, but are not limited to, negligently failing to utilize additional department personnel and resources during the incident involving RANDY MILLER, negligently failing to utilize available forms of cover and concealment during the incident involving RANDY MILLER, negligently failing to maintain a position of tactical advantage during the incident involving RANDY MILLER, negligently failing to communicate and/or effectively communicate with other departmental personnel and resources, and with RANDY MILLER, during the incident involving RANDY MILLER, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving RANDY MILLER, negligently failing to de-escalate the situation involving RANDY MILLER, negligently employing a tactical response to the

situation involving RANDY MILLER that resulted in the unnecessary and preventable shooting of RANDY MILLER, negligently failing to determine the fact that RANDY MILLER posed no immediate threat of death or serious bodily injury to any person when he was shot, negligently inflicting physical injury upon RANDY MILLER, as described herein, and negligently employing deadly force against RANDY MILLER when the same was unnecessary and unlawful. All of these negligent acts proximately caused RANDY MILLER'S death on January 27, 2021.

77.    As a proximate result of the above-described negligent conduct of the Defendant OFFICERS, RANDY MILLER was shot and killed on January 27, 2021.

78.    As a direct and proximate result of the above-described negligent conduct of the Defendant OFFICERS, and the ensuing death of RANDY MILLER, RANDY MILLER'S heir, Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE, have sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of RANDY MILLER in an amount according to proof at trial.

79.    As a further direct and proximate result of the above-described negligent conduct of the Defendant OFFICERS, and the ensuing death of RANDY MILLER, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

/ / /

/ / /

/ / /

/ / /

## SIXTH CAUSE OF ACTION

**(By Plaintiffs NICOLE CAVICANTE., as Successor in Interest to RANDY MILLER, Deceased, and JEREMY CAVICANTE, as Successor in Interest to RANDY MILLER, Deceased, Against All Defendants for Violation of California Civil Code § 52.1 [Cal. Government Code §§ 815.2(a0, 820(a)]**

80.     Plaintiffs incorporate herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

81.     All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

82.     This cause of action is brought on behalf of decedent RANDY MILLER, by and through Plaintiffs NICOLE CAVICANTE and JEREMY CAVICANTE in their capacity as Successors in Interest to RANDY MILLER, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation of rights, privileges, and/or immunities secured to RANDY MILLER by the laws of the United States and the United States Constitution, the California Constitution, and the laws of the State of California, including California Civil Code § 52.1.

83.     At approximately 10:30 p.m. on January 27, 2021, RANDY MILLER was on or around the premises 40th Place and Vermont Avenue in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violently confronted RANDY MILLER without having probable cause or reasonable suspicion to believe that RANDY MILLER had committed a crime, or would commit a crime in the future.

84.     The Defendant OFFICERS approached RANDY MILLER as he was inside a vehicle with their department-issued firearm pointed directly at RANDY

MILLER'S person. Without warning, the Defendant DOE Officer proceeded to assault and batter RANDY MILLER by acts which included, but were not limited to, repeatedly and unjustifiably assaulting RANDY MILLER with their department-issued firearm, repeatedly and unjustifiably discharging their department-issued firearm at the person of RANDY MILLER, and inflicting multiple gunshot wounds to the person of RANDY MILLER, which proved to be fatal. Following the shooting, the Defendant OFFICERS denied medical care to RANDY MILLER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

85.     As a direct and proximate result of the above-mentioned conduct of the Defendant OFFICERS, RANDY MILLER was shot on January 27, 2021. After surviving for an appreciable period of time following the shooting, RANDY MILLER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

86.     At no time during the course of these events did RANDY MILLER pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, RANDY MILLER posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, RANDY MILLER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed RANDY MILLER, the Defendant OFFICERS, who fired, were not faced with any

circumstances which would have led a reasonable police officer to believe that RANDY MILLER posed an immediate threat of death or serious bodily injury to any person.

87.     California Civil Code § 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for that person's exercise of his or her constitutional rights.

88.     Plaintiffs are informed, believe, and thereon allege that the Defendant OFFICERS, while acting under color of state law and within the course and scope of their  employment with Defendant CITY and the Los Angeles Police Department, intentionally committed and attempted to commit acts of violence against RANDY MILLER, and/or acted with reckless disregard for RANDY MILLER'S civil rights, by repeatedly and unjustifiably assaulting RANDY MILLER with their department-issued firearm, repeatedly and unjustifiably discharging his department-issued firearm at the person of RANDY MILLER, and inflicting multiple gunshot wounds to the person of RANDY MILLER without justification or excuse.

89.     When the Defendant OFFICERS shot RANDY MILLER, they interfered with RANDY MILLER'S civil rights, including, but not limited to, RANDY MILLER'S right to be free from unreasonable government seizures of his person under the Fourth Amendment to the United States Constitution, RANDY MILLER'S right to be secure in his person against unreasonable seizures under Article I, Section 13 of the California Constitution, and RANDY MILLER'S right of protection from bodily restraint and harm under California Civil Code § 43.

90.     Plaintiffs are informed, believe, and thereon allege that the Defendant OFFICERS intentionally and spitefully committed the above-described acts to discourage RANDY MILLER from exercising his civil rights, retaliate against RANDY MILLER for invoking his civil rights, and/or prevent RANDY MILLER from exercising his civil rights, and/or acted with reckless disregard for RANDY

MILLER'S civil rights, which RANDY MILLER was fully entitled to enjoy.

91.   Plaintiffs are informed, believe, and thereon allege that RANDY MILLER reasonably believed and understood that the violent acts committed by the Defendant OFFICERS were intended to discourage him from exercising his above-described civil rights, retaliate against him for invoking his above-described civil rights, and/or prevent him from exercising his above-described civil rights.

92.   Plaintiffs are informed, believe, and thereon allege that the Defendant OFFICERS successfully interfered with the above-described civil rights of RANDY MILLER.

93.   The wrongful, intentional, and malicious conduct of the Defendant OFFICERS described herein were a substantial factor in causing RANDY MILLER'S harms, losses, injuries, and damages.

94.   Plaintiffs are informed, believe, and thereon allege that in intentionally committing and attempting to commit acts of violence against RANDY MILLER, and/or in acting with reckless disregard for RANDY MILLER'S civil rights, and thereby interfering with RANDY MILLER's civil rights, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive RANDY MILLER of his protected rights and privileges, and did in fact violate RANDY MILLER'S protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

95.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, RANDY MILLER was shot and killed on January 27, 2021, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation,

indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

96.     As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, RANDY MILLER was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

97.     Plaintiffs seek treble damages, attorney's fees, and costs and expenses for this claim pursuant to California Civil Code §§ 52 and 52.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For compensatory damages, including wrongful death damages, survival damages, and general and special damages, in an amount according to proof at trial;

3.     For treble damages pursuant to California Civil Code §§ 52 and 52.1;

4.     For costs of suit incurred herein;

5.     For attorney's fees incurred herein, as provided by law;

6.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

7.     For such other and further relief as the Court may deem just and proper.

Dated: August 18, 2021          **IVIE McNEILL WYATT PURCELL & DIGGS**

By:     ***/s/ Rodney S. Diggs***_____
RODNEY S. DIGGS
Attorneys for Plaintiffs, NICOLE CAVICANTE
and JEREMY CAVICANTE

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

Dated: August 18, 2021                **IVIE McNEILL WYATT PURCELL & DIGGS**

By:    ***/s/ Rodney S. Diggs***
RODNEY S. DIGGS
Attorneys for Plaintiffs, NICOLE CAVICANTE
and JEREMY CAVICANTE

## DECLARATION OF NICOLE CAVICANTE

1.  The decedent's name who is the subject of this action for violations of civil rights is RANDY MILLER. RANDY MILLER passed away on January 27, 2021

2.  On January 27, 2021, RANDY MILLER was killed in an officer-involved shooting incident that occurred on or around the premises of 40th Place and Vermont Avenue in the City and County of Los Angeles and State of California.

3.  No proceeding is now pending in California for the administration of the decedent's estate.

4.  I am one of the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure), with respect to the decedent's interest in the within action.

5.  No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on August 12, 2021, at Newcastle, Oklahoma.


/s/ NICOLE
CAVICANTE.

33

## DECLARATION OF JEREMY CAVICANTE

1.     The decedent's name who is the subject of this action for violations of civil rights is RANDY MILLER. RANDY MILLER passed away on January 27, 2021.

2.     On January 27, 2021, RANDY MILLER was killed in an officer-involved shooting incident that occurred on or around the premises of 40th Place and Vermont Avenue in the City and County of Los Angeles and State of California.

3.     No proceeding is now pending in California for the administration of the decedent's estate.

4.     I am one of the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure), with respect to the decedent's interest in the within action.

5.     No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 2021, at Los Angeles, California.


/s/ JEREMY
CAVICANTE.